

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHN D. REEVESBURRY~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, Texas

Dear Sir:

Opinion Number O-2091
Re: Expenditure of
Bond Money.

We are in receipt of your opinion request of recent date,
and quote from your letter as follows:

"This office would appreciate an opinion from
your office based on the following facts:

"On December 17, 1938 a petition was presented
to the Commissioners' Court of this county asking
for a road bond election and the court entered its
order providing for the election; (Comm. Ct. Min.
Vol. N, page 113). This order used the same word-
ing as the order subsequently passed authorizing
the issuance of the bonds after the election had
resulted favorably. The orders read in part as
follows: '————said bonds being issued for the
following purposes and amounts: $30,000.00 to be
used for the purpose of purchasing right of way for
the use of the State Highway Department in building
paved, State designated highways.' (underscoring ours).

"On December 7, 1939 the State Highway Commission
entered its order designating a road from Mance to
Files Valley, in Hill County, as a State Highway; on
February 20, 1940 the Highway Commission cancelled
the Highway designation from Mance to Files Valley.

"Between the two dates, Dec. 7, 1939 and February 20, 1940, the county paid for the purchases of right-of-way and bills incidental thereto out of the bond money on this road in question. There are other bills now remaining unpaid which accrued while it was a State designated highway and some more which accrued after the designation was cancelled.

\* \* \* \* \* \* \*

"We submit the following questions:

"1. May bills for right-of-way which accrued during the time it was a State designated highway be paid now out of the bond money?

"2. May bills be paid for right-of-way and incidentals thereto out of the bond money; the bills accruing after the designation was cancelled?

"3. Will the money which had been paid out of the bond issue money on this right-of-way while it was so designated be subject to replacement in the bond issue fund?"

It is a well settled principle of law that bond money can be used only for the purpose designated in the bond election. In this case there was $30,000 available for the "purpose of purchasing rights-of-way for the use of the State Highway Department in building paved State designated highways." On December 7, 1939, the State Highway Commission entered its order designating the road from Itasca to Files Valley as a State Highway. Therefore, it is clearly within the powers of the Commissioners' Court to use the available bond funds from this $30,000 issue for the purpose for which the bonds were voted - that is, to purchase right-of-way for a paved State highway. The Commissioners' Court certainly had no way of knowing that the Highway Commission would rescind its order entered on December 7, 1939.

Therefore, in reply to your first question, it is our opinion that all bills which accrued for the purchase of a right-of-way and necessary incidental expenses thereto, while said road was a designated State Highway, could be paid from the available bond fund.

We further believe, in reply to your second question, that any contracts for right-of-way or expenses incidental thereto that were entered into prior to the highway designation being cancelled, although the bills did not accrue until after the cancellation, could be paid out of the available bond fund. However, after the order was cancelled, the Commissioners' Court would have no authority to expend bond money to carry out contracts entered into after the date of cancellation, this road no longer being a State designated highway, and such expenditure would be pledging bond funds for a purpose other than the purposes designated in the bond election.

In view of the answer to your first question, we feel that it is unnecessary to answer question number three.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Claud O. Boothman
Assistant

COB-s/mjs